## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COREY C. URSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-913-GPM |
| | ) | |
| DETAILERS & MORE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on review of the notice of removal in this cause (Doc. 2). *See In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at **3-4 (S.D. Ill. May 19, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225654, at **3-4 (S.D. Ill. Nov. 13, 2007). In this action Plaintiff Corey C. Ursch alleges that he was terminated as an employee of Defendant Detailers & More, Inc. ("Detailers"), for bringing a workers' compensation claim. The case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on May 29, 2009, and has been removed to this Court by Detailers. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship. Having reviewed carefully Detailers's notice of removal and the record of the case, the Court entertains serious doubts about the timeliness of the removal of this case. Accordingly, the Court now orders Ursch to file either a motion for remand of this case to state court by reason of the untimeliness of the removal of the case or a written consent to removal.

In general, of course, removal of a case must be effected within thirty days from the date a defendant seeking to remove the case receives service of the complaint in the case. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). However, if a case is not removable at the outset, a notice of removal may be filed within thirty days after a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]"  28 U.S.C. § 1446(b). *See also Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *3 (S.D. Ill. Sept. 21, 2007); *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007).   Removal based on diversity of citizenship requires generally, of course,  that there be complete diversity of citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *Doles v. Johnson & Johnson*, Civil No. 09-862-GPM, 2009 WL 3349806, at *1 (S.D. Ill. Oct. 19, 2009); *Moore v. Johnson & Johnson*, Civil No. 09-854-GPM, 2009 WL 3349859, at *1 (S.D. Ill. Oct. 19, 2009); *Brown v. Bayer Corp.*, Civil No. 09-760-GPM, 2009 WL 3152881, at *2 (S.D. Ill. Sept. 28, 2009).  The party seeking removal, in this instance Detailers, of course, bears the burden of showing that all of the statutory requirements for removal are satisfied, and any doubts about the propriety of removal are resolved in favor of remand to state court.  *See Hildebrandt v. Johnson & Johnson*, Civil No. 09-863-GPM, 2009 WL 3349913, at *2 (S.D. Ill. Oct. 19, 2009); *Bancroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *1 (S.D. Ill. Sept. 29, 2009); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009).

It appears from the record of this case that there is complete diversity of citizenship, as Ursch is a citizen of Illinois and Detailers is a corporation incorporated under Missouri law with its principal place of business in Missouri, and that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1), (c)(1); *Starno v. Bayer Corp.*, Civil No. 09-821-GPM, 2009 WL 3257124, at *1 (S.D. Ill. Oct. 7, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009); *Ball v. Ball*, Civil No. 09-405-GPM, 2009 WL 1515299, at *1 (S.D. Ill. June 1, 2009); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).  However, it appears further from the record that the removal of this case is not timely.  According to the record Detailers was served with Ursch's complaint on June 2, 2009, yet Detailers did not effect removal of this case until October 28, 2009.  Detailers asserts in its notice of removal that the removal of this case is timely because Detailers removed the case within thirty days of receiving a demand letter from Ursch's counsel requesting that Detailers tender to Ursch a settlement amount in excess of the jurisdictional minimum amount for diversity purposes.  The Court does not agree. The Court frequently has admonished defendants seeking removal in diversity to evaluate the amount in controversy in a case through "a reasonable and commonsense reading of the complaint" that shows by a preponderance of the evidence that the jurisdictional amount is satisfied, instead of waiting for later evidence to establish beyond a reasonable doubt that the jurisdictional threshold amount is met.  *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259392, at *2 (S.D. Ill. June 1, 2009); *Locklear Elec. v. My Overhead Corp.*, Civil No. 07-788-GPM, 2007 WL 4225732, at *3 (S.D. Ill. Nov. 26, 2007); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006).  In the complaint in this

cause Ursch specifically pleads for damages in excess of $50,000, including punitive damages.  *See* Doc. 2-2 ¶ 10.[1]  Punitive damages are available in appropriate cases, of course, on claims for retaliatory discharge under Illinois law.  *See Dixon Distrib. Co. v. Hanover Ins. Co.*, 641 N.E.2d 395, 399-400 (Ill. 1994); *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359-60 (Ill. 1978); *Bea v. Bethany Home, Inc.*, 775 N.E.2d 621, 625 (Ill. App. Ct. 2002).  Where punitive damages are recoverable under state law, the amount in controversy is satisfied unless it is legally impossible for a plaintiff to recover the requested amount.  *See Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711-12 (7th Cir. 2007); *Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995).  Here, assuming that Ursch's actual damages exceed $50,000 as pleaded in the complaint, an award of punitive damages based on a constitutionally-permissible single-digit multplier would readily satisfy the jurisdictional amount for diversity purposes.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 581 (1996)) (a 4-to-1 ratio of punitive damages to compensatory damages comports with due process); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 552 (7th Cir. 2008) (ratio of 2.75 to 1); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317 (7th Cir. 1996) (citing *DeRance, Inc. v. PaineWebber Inc.*, 872 F.2d 1312, 1329-30 (7th Cir. 1989)) (ratio of 2-3 to 1).  Because a reasonable and commonsense reading of Ursch's complaint should have alerted Detailers that this case was removable from its inception, the Court finds the removal of this case untimely.

---

1.    In evaluating the amount in controversy in this case, the Court attaches no importance to the fact that the ad damnum clause of Ursch's complaint disclaims damages in excess of the jurisdictional amount for diversity purposes.  *See Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 779-80 (S.D. Ill. 2006).

The Court's usual practice upon detecting a procedural defect in the removal of a case is to order the plaintiff in the case to file either (1) a motion for remand of the case to state court on the basis of the procedural defect in removal or (2) a written consent to removal waiving the defect.  *See O'Neill*, 2009 WL 3156687, at \*2; *Reynolds*, 2009 WL 2259251, at \*\*3-4; *Locklear*, 2007 WL 4225732, at \*5; *Pruitt*, 2007 WL 4225654, at \*\*3-4.  Accordingly, it is hereby **ORDERED** as follows.  On or before 12 p.m. on Tuesday, November 10, 2009, Ursch **SHALL** file either:  a motion for remand of this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, pursuant to 28 U.S.C. § 1447(c) by reason of the procedural defect in the removal of this case outlined in this Order, to wit, the untimeliness of the removal of this case; or a written consent to the removal of the case.

**IT IS SO ORDERED.**

DATED:  November 3, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge