IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY C. URSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-913-GPM |
| | ) |
| DETAILERS & MORE, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand of this case to state court brought by Plaintiff Corey C. Ursch (Doc. 6). This case was removed from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, by Defendant Detailers & More, Inc., on October 28, 2009. By order entered November 3, 2009, the Court noticed sua sponte a procedural defect in the removal of the case, specifically, that the removal is untimely under 28 U.S.C. § 1446(b), and ordered Ursch to file either a motion for remand of the case to state court based on the procedural defect in the removal of the case or a written consent to the removal waiving the defect. *See In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *2 (S.D. Ill. Sept. 25, 2009); *Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at **3-4 (S.D. Ill. May 19, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225654, at **3-4 (S.D. Ill. Nov. 13, 2007). *Cf. Yates v. A.W. Chesterton, Inc.*, Civil No. 09-659-GPM, 2009 WL 2777942, at *1 (S.D. Ill. Aug. 31, 2009). Ursch now has moved for remand of the case to state court by reason of

the untimeliness of the removal of the case. "'[A] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded.' Thus, where a plaintiff raises an objection to a procedural defect in removal within thirty days of the date of removal, a case must be remanded to state court." *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007) (quoting *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1063 (S.D. Ill. 2006)). *See also Gowdy v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-850-GPM, 2009 WL 3584254, at *1 (S.D. Ill. Oct. 27, 2009) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *2 & n.1 (S.D. Ill. Oct. 26, 2009) (citing *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209-10 (11th Cir. 2003)) (remanding a case to state court partly on the basis of a procedural defect in removal where the plaintiff had filed a motion for remand of the case for lack of subject matter jurisdiction within thirty days after the removal, thereby manifesting non-consent to the removal). Because Ursch has raised a timely objection to a procedural defect in the removal of this case, the case must be remanded to state court. Ursch's motion for remand (Doc. 6) is **GRANTED** and, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, by reason of the untimeliness of the removal of this case.

    **IT IS SO ORDERED.**

    DATED: November 4, 2009

                                          /s/ G. Patrick Murphy  
                                          G. PATRICK MURPHY  
                                          United States District Judge